IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RAYMON HULING, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:13-03010-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Raymon Huling, II, ("Huling") seeks judicial review of the Commissioner of Social Security's denial of his application for supplemental security income ("SSI") based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found that while Huling suffers from severe impairments of depressive disorder and degenerative arthritis of the shoulders, elbows, spine, and knee, he retained the residual functional capacity ("RFC") to perform a limited range of light work.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for SSI benefits on August 26, 2009, alleging a disability onset date of May 26, 2000. The Commissioner denied Plaintiff application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, during which the Plaintiff amended his alleged onset date to August 26, 2009.

On May 16, 2012, the ALJ issued his decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 15, 2012, leaving the ALJ's decision as the Commissioner's final decision. Thus, Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1] Plaintiff argues the Court

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner

should remand the Commissioner's decision because the ALJ erred at step four by failing to include a limitation on social contacts in Plaintiff's RFC determination or by failing to adequately explain why he did not include such a limitation. There is no merit to either claim.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. 20 C.F.R. § 416.945. It is based on all the relevant credible evidence of record, not just evidence from medical reports or medical sources. *Id.*; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In determining a claimant's RFC, the ALJ may consider the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations. SSR 96-8p. In formulating an RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect" the claimant's ability to perform exertional tasks. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). It is the claimant's burden to prove her RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

Here, the ALJ found that Plaintiff had the RFC to perform light work with a long list of restrictions, but found no restriction on Plaintiff's ability to function socially. R. at 18.

---

determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

3

As a threshold matter, there is no merit to Plaintiff's claim that the ALJ failed to adequately explain why he did not include a social functioning limitation in the RFC. The ALJ specifically discussed his rationale for excluding a social functioning limitation from the RFC, writing that such a restriction was

> not supported by the overall record, examination findings, test results, or the claimant's self-reported abilities. The claimant is able to spend some social contact with family and friends, run errands, and perform such activities as grocery shopping. Further, the most recent psychological examination with Dr. Anderson revealed only 'mild' limitations in interacting appropriately with the public, supervisors, or coworkers, which is consistent with the above finding of no more than a 'mild' limitation in social functioning.

R. at 18. Elsewhere in his decision the ALJ observed Plaintiff was capable of engaging in a wide variety of activities requiring social contact, including going out alone, using public transportation, attending Alcoholics Anonymous meetings, attending church, going to restaurants, and running errands with his girlfriend. R. at 17-18. The ALJ noted Plaintiff also got along well with authority figures and maintained social contact with friends, family, and neighbors. R. at 17-18. Thus, the ALJ adequately discussed his rationale for excluding social functioning limitations from the RFC.

The ALJ's decision to not include a social function limitation in the RFC is supported by the record. As the ALJ discussed, Dr. Frances J. Anderson, Psy. D., found that Plaintiff could adequately interact socially, and he had no more than a "mild" limitation in social functioning. R. at 16, 18, 376, 378. The ALJ also rightly observed that Dr. Anderson's opinion was "widely consistent with the overall evidence of record, including the [claimant's] limited psychiatric treatment, limited mental status examination findings, and self-reported abilities." R. at 16.

Although Dr. Anderson also opined the Plaintiff "would likely do better with limited public contact," R. at 376, when read in the context of Dr. Francis's entire assessment, it is clear that her comment is merely an observation about what would be an ideal situation for Plaintiff rather than a recommendation for a specific work-related limitation. Accordingly, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record, including the medical evidence.

## Conclusion

The Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. Consequently, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     February 18, 2014                    /s/ Greg Kays
                                                                                        GREG KAYS, CHIEF JUDGE
                                                                                        UNITED STATES DISTRICT COURT